# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00552-CV

**Grant Rawston Headifen, Appellant**

**v.**

**Vanessa Harker, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-FM-13-001842, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On August 28, 2015, appellant Grant Rawston Headifen filed a notice of appeal. Appellee Vanessa Harker filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the notice of appeal was not timely filed.

Headifen appeals from a final judgment signed by the trial court on May 7, 2015. Headifen timely filed a motion for new trial on June 8, 2015. *See* Tex. R. Civ. P. 4, 306a, 329b(a). Headifen's motion for new trial extended his deadline for filing a notice of appeal until 90 days after the judgment was signed, making the deadline August 5, 2015. *See* Tex. R. App. P. 26.1(a)(1). That deadline might have been extended until August 20, 2015, if Headifen had filed either a notice of appeal with the trial court or a motion for extension of time with this Court within 15 days after the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time

under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). Headifen's August 28, 2015 notice of appeal is untimely, and we therefore lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction), *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case).

Upon review of the trial-court clerk's record, the Clerk of this Court sent Headifen a letter informing him that the Court appears to lack jurisdiction over the appeal for the reasons stated above and requesting a response informing us of any basis that exists for jurisdiction. In response, Headifen asserted that he set his motion for new trial for hearing on the earliest date that the trial court allowed and that he would have immediately filed his appeal if his motion for new trial had been denied sooner. The date that the motion for new trial is heard or decided has no bearing on the deadline for filing a notice of appeal. Once the motion is filed, the only date that matters for the purpose of the deadline for filing a notice of appeal is the date that the judgment was signed. *See id.* R. 26.1(a)(1).

Accordingly, we grant Harker's motion and dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

_____
Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed: November 17, 2015

2